UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KAYLEEN CARUSO,
    Plaintiff,

v.

ALLIANCE SOLUTIONS GROUP LLC and
MCINTYRE GROUP,
    Defendants.

No. 17-cv-01699 (VAB)

**RULING AND ORDER ON MOTION TO AMEND**

Kayleen Caruso ("Plaintiff") has sued Alliance Solutions, LLC and McIntyre Group (together "Defendants" or "Alliance"), a staffing and consulting company, alleging discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*; the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 *et seq.*; violations of Connecticut's whistleblower statutes, Conn. Gen. Stat. § 31-51m *et seq.*; and breach of contract under Connecticut Common Law.

Ms. Caruso moves to amend her Complaint to include a number of additional causes of action.

For the following reasons, the Court **GRANTS** the motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Ms. Caruso, formerly an employee of Alliance, alleges discriminated against her on the basis of her gender and claims to have been wrongfully terminated.

### A.    Factual Allegations

Alliance allegedly discriminated against Ms. Caruso on the basis of her gender, subjected her to a hostile work environment, and retaliated against her for bringing to the company's

1

attention unlawful billing and compensation practices. Compl. ¶ 58. Alliance also allegedly breached a contract to pay her an additional $10,000 for the performance of extra work and further violated Connecticut wage and hour laws in failing to pay her $10,000. *Id.*

### B. Procedural Background

On October 9, 2017, Ms. Caruso filed a Complaint. ECF No. 1. On January 9, 2018, Defendants answered the Complaint. ECF No. 20.

Ms. Caruso now moves to amend the Complaint to add claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"); the Connecticut's Wage and Hour Law, Conn. Gen. Stat § 31-72; the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; the Connecticut Family and Medical Leave Act, Conn Gen. State. § 31-51kk; and for breach of the covenant of good faith and fair dealing and intentional infliction of emotional distress. Am. Compl. ¶ 1, Mot. Am., Ex. A, ECF No. 27.

Ms. Caruso alleges that, in December 2017, she filed another charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Mot. Am. at 1. On December 21, 2017, Ms. Caruso asserts that the EEOC issued a Notice of Right to Sue. *Id.*

Ms. Caruso's counsel represents that counsel for Alliance did not consent to Ms. Caruso amending her Complaint. *Id.*

## II. STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure provides that parties may either amend once as a matter of course or, once the time period has elapsed, move for leave to file an amended complaint. Fed. R. Civ. P. 15(a). Parties, who fail to file an amended complaint within 15(a)(1)'s time period, or who seek additional amendments, may seek the consent of the

opposing party or the court's leave to amend. Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." *Id.*

The decision to grant leave to amend under Fed. R. Civ. P. 15 is within the discretion of the court, but the court must give some "justifying reason" for denying leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Id.*; *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." (Internal citations omitted)); *Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011) ("While mere delay, absent a showing of bad faith or undue prejudice, is not enough for a district court to deny leave to amend, the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." (internal quotation marks omitted)).

### III. DISCUSSION

Federal Rule of Civil Procedure 15(a) governs the filing of amended pleadings before trial. A party is allowed to amend its pleading "once as a matter of course" within "21 days after serving it" or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Once that time period elapses, "a party may amend its pleading only with the opposing party's written consent or the Court's leave. Federal

Rule of Civil Procedure 15(a)(2) requires that the Court "should freely give leave when justice so requires."

Ms. Caruso seeks permission to add a number of new causes of action to her Complaint, including claims for disability discrimination, interference with rights accorded under the FMLA, and retaliation, for example. Am. Compl. The Court will allow her to do so.

Because her Complaint was filed on October 9, 2017, Ms. Caruso cannot amend her Complaint under Fed. R. Civ. P. 15(a)(1)(A). Alliance answered Ms. Caruso's Complaint on January 9, 2018, and Ms. Caruso, therefore, cannot amend her Complaint under Fed. R. Civ. P. 15(a)(1)(B). Fed. R. Civ. P. 15(a)(2) permits Ms. Caruso to amend her Complaint only with the opposing party's written consent or the Court's leave. Alliance allegedly did not consent to amending Ms. Caruso's Complaint.

But Alliance has also not filed a respone to Ms. Caruso's motion to amend. Thus, Alliance has given no reason for denying leave based on undue delay, bad faith, or dilatory motive on the part of Ms. Caruso. Likewise, Alliance has made no argument as to the futility of the amendment or for how amendment might unduly prejudice Alliance. *See Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011) ("While mere delay, absent a showing of bad faith or undue prejudice, is not enough for a district court to deny leave to amend, the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." (internal quotation marks omitted)).

In the absence of any such arguments and given that this case is still in its early stages, the Court sees no reason to deny this motion. The Court therefore grants the motion.

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion to amend.

The Court directs Ms. Caruso to docket the Amended Complaint as soon as practicable.

**SO ORDERED** at Bridgeport, Connecticut, this 31st day of May, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE